T.C. Summary Opinion 2010-152


UNITED STATES TAX COURT


JERRY M. AND JUDY L. SLOTA, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22464-08S.              Filed October 12, 2010.


Bob A. Goldman, for petitioners.

Stephen A. Haller and James A. Kutten, for respondent.


KROUPA, Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect when the petition was filed.  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court,

_____

[1]All section references are to the Internal Revenue Code,
and all Rule references are to the Tax Court Rules of Practice
and Procedure, unless otherwise indicated.

and this opinion shall not be treated as precedent for any other case.

Respondent determined a $36,871[2] deficiency and a $12,967 accuracy-related penalty under section 6662(a) with respect to petitioners' Federal income tax for 2005. After concessions, there are two issues for decision.[3] The first issue is whether income that petitioner Jerry Slota (Mr. Slota) transferred to a newly organized corporation, Quad J, Inc. (the corporation), is taxable to petitioners. We hold that it is taxable to petitioners, not the corporation. The second issue is whether petitioners are liable for the accuracy-related penalty. We hold that they are liable.

## Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioners resided in Washta, Iowa at the time they filed the petition.

Mr. Slota owned and operated a farm as a sole proprietor in 2005. Mr. Slota's farming operations consisted of planting,

---

[2]All monetary amounts are rounded to the nearest dollar, unless otherwise indicated.

[3]Petitioners challenged no other adjustments in either their petition or their briefs. Petitioners are therefore treated as having conceded all adjustments made in the deficiency notice other than the adjustments mentioned in this opinion. See Rothstein v. Commissioner, 90 T.C. 488, 497 (1988).

cultivating and harvesting soybeans and corn (the crops).  Mr. Slota generated income by selling the crops and receiving periodic payments from the United States Department of Agriculture (USDA).  Mr. Slota deposited the income from his farming operations into petitioners' farm bank account (petitioners' individual account).

In September 2005 petitioners organized the corporation and filed articles of incorporation with the Iowa secretary of state. Petitioners were the sole shareholders and served as the only directors of the corporation.  Petitioners and the corporation did not sign or execute a deed, sales contract or other written agreement conveying, transferring or leasing the land or the crops from petitioners to the corporation.  The only asset petitioners conveyed to the corporation upon its organization was $10,000 from petitioners' individual account to a bank account established for the corporation (corporate account).

In October 2005 Mr. Slota deposited all USDA payments received in 2005 into petitioners' individual account, except for one USDA payment of $6,142 that petitioners deposited into the corporate account.  Mr. Slota then transferred into the corporate account the USDA payments he had deposited into petitioners' individual account after October 5.  In addition, Mr. Slota deposited into the corporate account all crop sales proceeds received after October 5.

Petitioners hired a tax adviser to prepare and file their Federal income tax return for 2005. Petitioners reported $195,938 from crop sales and $61,416 in USDA payments on Schedule F, Profit or Loss From Farming.[4] Petitioners claimed an expense deduction for $44,165 of USDA payments and $20,532 of crop sales proceeds that petitioners deposited into or transferred to the corporate account. Petitioners reported only $481 of self-employment tax liability.

The corporation also filed a corporate Federal income tax return for the fiscal year ending September 30, 2006. The corporation reported $370,647 of income that was offset by an equal amount of expenses resulting in zero taxable income.

Respondent examined petitioners' Federal income tax return for 2005. Respondent determined that petitioners earned an additional $103,930 from crop sales and USDA payments that petitioners had deposited into or transferred to the corporate account.[5] During the examination, petitioners agreed to increase their $481 reported tax liability to $28,445 and signed a Form 870, Waiver of Restrictions on Assessment and Collection of

---

[4]Petitioners calculated their total sales of crops and livestock by adding the total corn and soybean sales ($104,048 + 90,987) and hay sales ($903).

[5]Respondent attributed as income to petitioners all monies deposited into or transferred to the corporate account in 2005 but excluded the $6,142 USDA payment directly deposited into the corporate account.

Deficiency in Tax (waiver form). Respondent issued petitioners the deficiency notice for the deficiency and the accuracy-related penalty.

Petitioners timely filed a petition for review with this Court.

## Discussion

We are asked to decide whether petitioners are taxable on amounts deposited into or transferred to the corporate account. Petitioners claim that they transferred their crops and USDA payments to the corporation and therefore the corporation, not petitioners, must pay the tax on the income earned from the crop sales and USDA payments. Respondent argues that Mr. Slota transferred the crop sales proceeds only, not the crops themselves, and therefore petitioners earned the income and are liable for the tax. In addition, respondent contends that the USDA payments at issue are income to petitioners because they were issued in petitioners' names, not in the corporation's name. We shall consider the parties' arguments after first addressing the burden of proof.

The Commissioner's determinations are generally presumed correct, and taxpayers bear the burden of proving otherwise. Rule 142(a). Accordingly, petitioners bear the burden of establishing that the crop sales proceeds and USDA payments are not taxable to them.

The parties do not dispute the amount received from crop sales proceeds and USDA payments.  Moreover, petitioners do not challenge respondent's use of the bank accounts and general ledgers in determining the deficiency amount.  See Holland v. United States, 348 U.S. 121, 132 (1954).  Rather, the parties focus on whether petitioners are taxed on the crop sales proceeds and USDA payments.

It is a fundamental tax principle that income is taxed to the party that earned the income.  Sec. 61(a); United States v. Basye, 410 U.S. 441 (1973); Lucas v. Earl, 281 U.S. 111 (1930). Here, the income came from soybean and corn sales and USDA payments.  Petitioners seem to argue that the corporation, not them, should be taxed on the income because they organized the corporation in a nontaxable transaction that qualified under section 351.  Petitioners also assert that they contributed the crops and USDA payments to the corporation and therefore the corporation earned the income.

Petitioners' focus on section 351 is misplaced.  That section governs the transfer of property to a corporation in exchange for stock in the corporation.  See sec. 351.  Moreover, petitioners failed to provide any documents demonstrating that they transferred the land or the crops to the corporation.

The only property that petitioners assigned or transferred to the corporation was the proceeds from the crop sales and the

USDA payments.  The assignment of income doctrine provides that a taxpayer cannot escape tax liability for income the taxpayer earned by transferring the income to another.  Lucas v. Earl, supra.  It is equally fundamental that taxpayers may not avoid paying tax on income by transferring crop sales proceeds to a newly organized corporation in a section 351 transaction. Weinberg v. Commissioner, 44 T.C. 233 (1965), affd. in part, revd. in part and remanded sub nom. Commissioner v. Sugar Daddy, Inc., 386 F.2d 836 (9th Cir. 1967).  Mr. Slota owned the farmland and the crops and earned the income when he sold the crops. Further, as the owner of the land and the crops, Mr. Slota, not the corporation, received the payments from the USDA. Accordingly, petitioners received the crop sales proceeds and USDA payments on their own behalf.

Petitioners have not presented evidence to show that they transferred the soybeans, the corn or the underlying land to the corporation.  Petitioners may not avoid taxation by assigning income they earned to the corporation.  Petitioners have the burden of proof, and they have failed to meet that burden.  We conclude that petitioners, not the corporation, earned the income from the crop sales and USDA payments.  Accordingly, we sustain respondent's determination that petitioners, not the corporation, had unreported income.

We next address the accuracy-related penalty.  Petitioners ask that we not sustain the penalty because they had a tax adviser prepare the return.  Petitioners have not established, however, that their reliance on their return preparer was reasonable or in good faith.  Petitioners failed to submit any evidence showing the return preparer's experience or qualifications and failed to show that they provided all the necessary and accurate information to a tax adviser.  We cannot simply accept petitioners' bald assertion that they relied upon a tax adviser as a defense against the accuracy-related penalty. See Peacock v. Commissioner, T.C. Memo. 2002-122.  Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a) for 2005.

We have considered all remaining arguments the parties made and, to the extent not addressed, we conclude they are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.